## Case No. 6,254a.
### HAY v. ALEXANDRIA & W. R. CO. et al.
[4 Hughes, 331.]
### Circuit Court, E. D. Virginia. Jan. Term, 1882.

FEDERAL COURTS — JURISDICTION OVER NONRESIDENTS OF THE DISTRICT — SUITS TO ENFORCE LIENS ON PROPERTY IN THE DISTRICT — COMITY.

[1. Where a suit in the nature of a general creditor's bill was brought against a railroad company whose road lay wholly within the Eastern district of Virginia, held that the circuit court for that district, by following the provisions of the eighth section of the judiciary act of 1875 [18 Stat. 472], relating to service on nonresidents in suits to enforce liens upon property lying within the district where the suit is brought, could obtain jurisdiction of the District of Columbia (formerly the city of Washington), which was named as a defendant, and which claimed a lien on the road by virtue of a trust deed given to secure it for guarantying certain bonds of the railroad company, and also of the trustees in said deed who were residents of said District of Columbia.]

[2. It being charged in the bill that the act of the city of Washington in guarantying the bonds was ultra vires, and that the trust deed was therefore void, held, further, that the court had jurisdiction of the controversy, under section 1 of the act of 1875, as being one arising under a law of the United States, namely, the charter granted by congress to the city.]

[3. The pendency in a state court of a suit to determine the question of priority, as between two certain liens upon a railroad, will not prevent a federal court, on the ground of comity, from assuming jurisdiction of a general creditor's bill brought to determine the priorities as between all lien holders, including many not parties to the previous suit.]

In chancery.

[This was a suit in the nature of a general creditor's bill brought by Alexander Hay against the Alexandria and Washington Railroad Company and others.]

HUGHES, District Judge. This is a bill in the nature of a general creditor's bill, brought to settle the priorities of all liens upon the property of the Alexandria & Washington Railroad Company, for the sale of the same, and administration of the proceeds. In the year 1881, the complainant in this suit recovered a decree in chancery and a judgment at law in this court against the Alexandria & Washington Railroad Company, reviving old judgments which had been recovered in a court of the state of Virginia in 1857, 1858, 1859, and 1860, for the aggregate amount of nearly $29,000, with costs, and interest from the dates of the original causes

of action; the whole amounting now to about the sum of $80,000. This bill was filed on 24th of December, 1881, and proposes to set out in detail, besides the judgments and decrees obtained by the complainant, all the liens' now resting on the property of the said company. It makes parties defendant of all the creditors holding these several liens. It avers in terms that there are no other lien creditors than those whose liens are enumerated seriatim. It makes also party defendant the Alexandria & Fredericksburg Railway company, which is alleged to have the property of the said Alexandria & Washington Company in custody as lessee or otherwise. Among those made parties defendant to the bill is one Joseph Thornton. Among the creditors claiming to hold liens, and made defendants to the bill, is the District of Columbia (formerly the city of Washington), and J. H. and A. T. Bradley, trustees in a deed made by the Alexandria & Washington Railroad Company, to secure the said District of Columbia for guarantying certain bonds or certificates of the said company. In consequence of some defect in, or delay in recording, the said deed of trust, another deed was afterwards made between the same parties confirming and ratifying the original deed. This would therefore seem to be in effect a general creditors' bill; though it does not contain a clause couched in the very words ordinarily employed in the draft of general creditors' bills, to the effect that the bill is brought on behalf of the complainant and of all other creditors of like character who may come in and take part in the suit.

The bill alleges that the defendant the Alexandria & Washington Railroad Company is utterly and absolutely insolvent; that it owns no other property but the road-bed extending from the south end of the Long bridge crossing the Potomac river opposite Washington, some four or five miles to the vicinity of Alexandria; and that it is indebted in an aggregate sum of about four hundred thousand dollars. Some of the lien debts enumerated in the bill as resting upon this road, have been ascertained and adjudicated as against the Alexandria & Washington Railroad Company, and as between the particular parties to the record, in a suit in chancery which was brought in 1857, in the circuit court of Alexandria county, entitled "The Alexandria & Washington Railroad Company vs. Fowle, Snowden & Co. et al." That suit was originally brought by the said railroad company, but was afterwards proceeded with under a cross bill filed in the same proceeding by J. H. and A. T. Bradley, the trustees, as heretofore mentioned, in the deed or deeds from the said company, given to secure the corporation of the city of Washington (now the District of Columbia) for the city's guaranty of the company's bonds. These debts resting as liens upon the Alexandria & Washington Railroad, thus for certain purposes ascertained and adjudicated, are set out in the bill here; and the holders of them made parties defendant to the suit here. On the second day of the January term, 1882, of this court, the complainant in the bill here, came into this court, and moved for a receiver, and also moved that notice of the motion be ordered to be given to all parties interested, and that it would be heard on the 7th of the same month. The latter motion was granted. On that day, at the instance of some of the defendants, the motion for a receiver was continued to the 17th of January, and on that day Thornton, one of the defendants, filed a plea to the jurisdiction, and there was a hearing of the motion, on elaborate argument extending to the 18th of the same month. On this latter day, for reasons stated orally from the bench, this court decided to grant the motion for a receiver, and took time to put those reasons in writing. A receiver was accordingly appointed on the 19th of the same month, and this opinion in writing is now filed, again setting out the grounds of the action then taken by the court. The objections urged against the appointment of a receiver were embodied in Joseph Thornton's plea to the jurisdiction of the court. This plea denies the power of the court, both over necessary parties, and over the controversy. Joseph Thornton claimed to appear only for the purpose of filing this plea. I believe that there was no denial of a proper service of process upon all who were named as parties defendant to the bill residing in this district, and of notice of the pending of this suit to all parties residing elsewhere.

The plea alleges in substance that the bill joins as codefendants persons who are not subject to the jurisdiction of this court; namely, 1st, the District of Columbia, a municipal corporation created, organized, and established by and under the laws of the United States, &c., &c.; and, 2d, Joseph H. and A. Thomas Bradley, trustees, &c., who are citizens of the District of Columbia; and that the presence of these persons as parties is essential to the settlement of the equities in this cause. The plea further avers that the subject-matter of the said bill, and the matters in controversy therein, were at the time of the filing of the said bill, and still are, pending, and yet undisposed of, in the circuit court of Alexandria county, a court of competent jurisdiction, in the suit of the Alexandria & Washington Railroad Company vs. Fowle, Snowden & Co., the record of which cause is now here shown to the court. It was not pretended that the Alexandria & Washington Railroad Company is not hopelessly insolvent, and that the situation of its affairs is not such as imperatively to demand the appointment of a receiver. The only objection urged was, that this court could not legally appoint a receiver, for want of jurisdiction over the parties and of the controversy.

These objections are fairly presented in the

plea of defendant Joseph Thornton; and so my task is simply that of dealing with the objections set forth in that plea.

First, as to the parties. It is true that the District of Columbia is a corporation not within the jurisdiction of this court for ordinary purposes. The same is the case as to the two Bradleys, trustees; who are inhabitants of the District of Columbia, and who are not inhabitants of the Eastern district of Virginia. And this corporation and these trustees are parties necessary to any suit for the settlement of the priorities of liens upon the Alexandria & Washington Railroad. It is to be observed, in limine, that the property bound by the mortgages, judgments, and decrees standing against the Alexandria & Washington Railroad Company is exclusively, or almost exclusively, real estate, and that this real estate lies wholly in the Eastern district of Virginia; moreover, that the object of the present suit is to subject this real estate, lying exclusively in this district, to the liens enumerated in this bill, according to such priorities as the court may settle by its decree; one of them being the lien claimed by the District of Columbia under a deed in which the Messrs. Bradley are trustees.

The 8th section of the judiciary act of March 3, 1875,—[18 Stat. 472], 1 Supp. Rev. St. U. S. p. 176,—provides, that when in any suit in a circuit court of the United States, to enforce any equitable lien upon, or remove any cloud upon the title to, real or personal property within the district where such suit is brought, one or more defendants therein shall not be an inhabitant of or found within said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, &c., by a day certain, to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, &c., &c., or, where such personal service upon such absent defendants is not practicable, then, order of publication shall be made, &c., &c.; and then it shall be lawful for the court to entertain jurisdiction and proceed to the hearing and adjudication of the suit, &c., &c.; but such adjudication shall affect only the property within such district. The terms of this law have been thus far complied with, and the order of court requiring notice of the motion for a receiver to be served upon the defendants has been served, in this suit, upon the principal officers of the District of Columbia, and upon the Messrs. Bradley, who are inhabitants of that District. This bill, moreover, charges that the District of Columbia (when known as the city of Washington), in guarantying bonds of the Alexandria & Washington Railroad Company, was ultra vires, and null and void, and that the deed of trust made by the company to the Messrs. Bradley, as trustees, to secure such guaranty, is therefore a nullity, and is consequently not a lien upon this railroad. The first sec-

tion of the judiciary act, just referred to (1 Supp. Rev. St. p. 173), provides "that the circuit courts of the United States, shall have original cognizance, concurrent with the courts of the several states, of all suits at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum of five hundred dollars, and arising under the constitution or laws of the United States, or," &c., &c. Thus it seems clear to me, that in respect to the property of the Alexandria & Washington Railroad Company, on which the District of Columbia claims a lien, this court has jurisdiction, under the 8th section of the judiciary act of 1875, to summon the District and its trustees before it; and it seems equally clear that in respect to the right and power of that corporation to have guarantied the bonds of the railroad company, a right which depends exclusively upon the provisions of its charter derived from congress, this court has jurisdiction under the first section of the judiciary act of 1875; it being an elementary principle of law that, whereas a natural person may do whatever is not forbidden by law, yet a "corporation can do only what is authorized by its charter." Railroad Co. v. Harris, 12 Wall. [79 U. S.] 81. I think it clear, therefore, that, for the purposes of determining the liens resting upon the property within this judicial district belonging to the Alexandria & Washington Railroad Company, this court has jurisdiction by personal service of process, wherever found, on the District of Columbia and the Messrs. Bradley, as parties defendant in this suit, and that this branch of Joseph Thornton's plea to the jurisdiction must be overruled.

I come now to the other branch of the same plea, namely, that which makes objection that the circuit court of Alexandria county has already possession of the controversy of which this court is asked by this bill to take cognizance, and of the subject-matter, or property, which is the object of the controversy. It is useless to say that the property of the Alexandria & Washington Company, the corpus, or res, sought to be subjected, is not yet in the custody of any court, but, as alleged, is in the possession and use of the Alexandria & Fredericksburg Railway Company, under lease or contract. If the property itself were actually in the corporeal possession of the state court, in the person of a receiver or other officer, that would be conclusive; and this court would and could not interfere; but, as that is manifestly not the fact, my only remaining duty is to inquire whether the controversy exhibited by this bill was already within the cognizance of the state court when this bill was brought; for, if it was, then that fact would be equally conclusive against the jurisdiction of this court.

In order that the controversies of the two suits shall be identical, the parties to them must be the same, and the objects of the

suits, and the issues in them, the same. The mere fact that there is but one property subject to the respective decrees in the two suits is not sufficient to identify them. I have already said that the bill here is, in its essential nature, a general creditors' bill, seeking to bring all lienhold creditors of the Alexandria & Washington Railroad Company before the court, in order that their claims shall be marshaled, and the priorities attaching to them settled, and bringing in also the Alexandria & Fredericksburg Railway Company, which has possession of the res in controversy, under lease or contract, in order that the decree of the court, when rendered, may be effectual, and that the proceeds of the sale of the property of the Alexandria & Washington Railroad Company, when realized, may be distributed with due regard to the rights of all parties in interest. A bill with fewer parties and less ample scope would not be effectual for a proper adjudication of the affairs of this company. The inquiry, therefore, is whether the suit in the state court, the record of which is exhibited with the plea of the defendant Thornton, is a suit in which all lienholders are parties, and in which the custodian under lease, of the property that is sought to be subjected to the liens resting upon it, is before that court. An inspection of the record of the suit in the state court discloses the fact that Alexander Hay, the complainant in the bill here, who claims to hold a lien for some eighty thousand dollars, is not a party there. It discloses that neither Walter Lenox, in his character as trustee, nor any one of the beneficiaries of the deed of which he is trustee, representing a lien of some sixty thousand dollars, is a party there; nor is the deed itself, which Lenox represents, made a part of the controversy by either the bill or cross bill in that suit; nor is the Alexandria & Fredericksburg Railway Company, which has contract rights in, and actual possession of, the property of the Alexandria & Washington Railroad Company, a party to that suit. Obviously and conspicuously, therefore, the parties to the suit in the state court are not the same as those here; and there would seem to be such a deficiency of parties to that suit, for the purposes of complete justice, that though it has been pending for nearly twenty-five years, and the Alexandria & Washington Railroad Company has been notoriously insolvent for at least half the time, no receiver has been appointed by that court in that suit, though it has been asked to do so.

So much as to parties. In respect to the controversy, the two suits differ from each other even more widely. The original object of the suit in the state court, which was brought by the Alexandria & Washington Railroad Company, was to obtain an adjudication upon the relative priorities of the lien of the city of Washington, and that of Fowle, Snowden & Co. It made only those creditors and their respective trustees parties defendant, who all answered. The trustees in the deed (or deeds, for, though there were two, in fact there was virtually but one) under which the District of Columbia claimed, being already defendants in the suit, then filed a cross bill, setting out their own case, and making no new parties defendant, except James S. French individually, who was already party to the record as president of the Alexandria & Washington Railroad Company. There were numerous judgment liens then outstanding against the company; among them, some of those which were the origin of the claim of the complainant here, Alexander Hay. But the holders of these liens were not made parties, either by the original or the cross bill. There was a deed of trust already mentioned, in which Walter Lenox was trustee, made for securing thirty thousand dollars. Neither Lenox, as trustee, nor any of his beneficiaries, were made parties. Neither the original nor the cross bill contained the usual clause of a general creditors' bill, either in form or substance; nor was either bill, in scope or aim or purpose, a bill for marshaling all creditors and their claims, or for ascertaining all liens and their priorities. The cross bill contained no other prayer for sale, than one for its own special benefit, which was in these words: "Your orators further pray that the said deeds of trust to the said J. H. and A. T. Bradley may be decreed and declared to create a lien on the property and franchises of the said Alexandria & Washington Railroad Company, prior to any other incumbrance, and that the said lien may be enforced against the said property and franchises so conveyed, and the proceeds arising from a sale thereof may be applied to the reimbursement and relief of your orators, on account of their guaranty of," &c., &c. "And your orators further pray for such other and further relief as may be consistent with equity," &c., &c. The decree was, of course, only such as would be responsive to the specific prayers of one or the other of the bills, and as could be given between the particular parties to that record. It was pronounced May 25th, 1859. An appeal was taken to the supreme court of appeals of Virginia, and the questions submitted to the appellate tribunal were simply questions as to the relative priorities of two only of the liens now resting upon the property of the Alexandria & Washington Railroad Company. It is plain, therefore, that the controversy in the state court was much narrower than, and widely different from, the controversy in the suit here; and so, the second branch of the defendant Thornton's plea must be overruled.

On the whole, I see no objection, either on the score of jurisdictional right, or of judicial comity, to my allowing this proceeding to go on, and to the appointment of a receiver in this suit at once. Surely, the necessity for the appointment of a receiver is sufficiently urgent, and it seems to me that the suit in the state court is not such as to authorize such a measure on its part. Indeed, some of the questions which form the principal grava-

men of the suit here could not be raised by the parties who are the domini litis in the state court. One of the objects of this suit is to invalidate the lien in favor of the District of Columbia; whereas, the trustees and beneficiaries in both the Kinzer and the Lenox deeds, if the allegations in the pleadings and exhibits be true, are estopped by express stipulation from contesting its validity. Moreover, the objects of this suit could not be accomplished by the suit in the state court until the proceedings there were so amended as to make the complainant here a party there; and even though this were done, and Alexander Hay were brought into that litigation, he would have a right, under the laws of the country, to remove so much of the controversy as affected his own rights into this court. He has a constitutional right (jurisdictional conditions permitting) to have any decision affecting his interests, by an inferior court, reviewed by the supreme court of the United States, rather than by the supreme court of the state of Virginia; and I presume, from the fact of his bringing this suit here, that he desires to avail himself of that right, and would, if he were made party to the long pending litigation in the state court, at once remove the controversy into this court. Even, therefore, if the proceeding in the state court were so amended, by the addition of parties and otherwise, that it would be adequate to the ends of complete justice between all persons holding liens upon this railroad, yet nothing could be gained by this court's desisting from further proceedings in this suit; for the complainant here, on being brought into the suit there, would have a right to remove that suit here, which I have a right to presume that he would exercise. It is plain, therefore, that nothing but delay would result from staying the proceeding in this court; and sincerely declaring that, if the case were such as really to raise the question of judicial comity, I would cheerfully defer to the jurisdiction of the state court, I have no hesitation in proceeding in the case, and appointing a receiver.

A true copy.
Teste.
[Seal.]                     M. F. Pleasants, Clerk.
        By John S. Fowler, Deputy Clerk.

[See Case No. 6,255a.]